**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY BRIAN ASHLEY**
                       **Plaintiff,**

    **-against-**                             **5:14-CV-00040**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


### DECISION & ORDER

#### I.  INTRODUCTION

Timothy Brian Ashley ("Plaintiff") brought this action under the Social Security Act,

42 U.S.C. § 405(g), to review a final determination by the Commissioner of Social

Security ("Commissioner") denying Plaintiff's application for benefits.  Plaintiff contends,

*inter alia*, that Administrative Law Judge Elizabeth W. Koennecke ("ALJ") erred by failing

to properly follow the treating physician rule.  See Pl. Brief at 3, 6–9 (Dkt. No. 10).  The

Commissioner argues that the ALJ's decision is supported by substantial evidence and

made in accordance with the correct legal standards.  Pursuant to Northern District of New

York General Order No. 8, the Court proceeds as if both parties had accompanied their

briefs with a motion for judgment on the pleadings.  For the reasons that follow, Plaintiff's

motion is granted and the matter is remanded to the Commissioner.

## II. BACKGROUND

The Court assumes familiarity with the facts and procedural history of the case, as well as the undisputed medical record.

## III. DISCUSSION

### a. The ALJ's Opinion Improperly Applied the Treating Physician Rule

Plaintiff contends, *inter alia*, that the ALJ failed to follow the treating physician rule. The Court agrees.

"'[W]hile a treating physician's retrospective diagnosis is not conclusive, it is entitled to controlling weight unless it is contradicted by other medical evidence or overwhelmingly compelling non-medical evidence.'" *Woodmancy v. Colvin*, 577 F. App'x 72, 74 (2d Cir. 2014)(Summary Order)(quoting *Byam v. Barnhart,* 336 F.3d 172, 183 (2d Cir. 2003) and citing *Perez v. Chater,* 77 F.3d 41, 48 (2d Cir. 1996)). "If the ALJ chooses not to afford such an opinion controlling weight, then the ALJ must consider the following factors in deciding what weight to assign the opinion: (1) examining relationship; (2) treatment relationship, including its length, nature and extent; (3) supportability with medical evidence; (4) consistency with the record as a whole; (5) specialization of the examiner; and (6) any other relevant factors." *Id.* (citing 20 C.F.R. § 404.1527(c)(1)-(6)).

"In addition to considering the required factors, an ALJ must ultimately 'give good reasons in [the] notice of determination or decision for the weight [the ALJ] give[s] [a claimant's] treating source's opinion.'" *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp.2d 496, 508 (S.D.N.Y. 2014)(quoting 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)); *see e.g. Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)(Even though the final question of disability is

reserved to the Commission, "this does not exempt administrative decision makers from their obligation . . . to explain why a treating physician's opinions are not being credited."). This requirement allows courts to properly review ALJs' decisions and provides information to claimants regarding the disposition of their cases, especially when the dispositions are unfavorable. *Snell*, 177 F.3d at 134.

While claimants are not entitled to have their treating physician's opinion be automatically controlling, "[they are] entitled to be told why the Commissioner has decided . . . to disagree with [the claimant's treating physician]." *Id.; see Rolon*, 994 F. Supp.2d at 509 ( When an ALJ determines that a treating physician's opinion is to be given less than controlling weight, the ALJ must  provide "good reason.").

> Treating sources are owed deference because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2013). The treating physician rule imposes upon the ALJ, at a minimum, a higher duty of explanation when determining the weight that must be given to a treating source's opinion.

*Rolon*, 994 F. Supp.2d at 506.

 "The ALJ must fulfill the 'heightened duty of explanation [that exists] when a treating physician's medical opinion is discredited.'" *Id.*, at 508 (quoting *Gunter v.Comm'r of Soc. Sec.*, 361 Fed. App'x 197, 199 (2d Cir. 2010).  Failure to do so warrants remand. *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Snell*, 177 F.3d at 133)).

With regard to Plaintiff's treating physician's opinion, the ALJ wrote:

> Little weight has been given to the conclusion of the claimant's treating source, Dipiak Patel, M.D., who reported that the claimant is "100% disabled" (Exhibit 1F). Although the doctor stated that the claimant is 'disabled,' it is not clear that the

doctor was familiar with the definition of 'disability' contained in the Social Security Act and regulations. Specifically, it is possible that the doctor was referring solely to an inability to perform the claimant's past work, which is consistent with the conclusions reached in this decision. The treating records do not support such a conclusion.

Tr. p. 29.

As indicated, the ALJ failed to discuss the six factors set forth by 20 C.F.R. § 404.1527(c)(1)-(6). Further, the ALJ failed to provide good reasons for her decision discrediting Dr. Patel's opinion, merely surmising that Dr. Patel may not have been familiar with the definition of disability contained in the Social Security Act and regulations, and concluding that the treating records did not support Dr. Patel's conclusion. However, this surmise and conclusory statement about the treatment records fails to fulfill the heightened duty of explanation. See Rolon, 994 F. Supp.2d at 509 ("However, since the ALJ did not cite any medical opinion to dispute the treating physician['s] conclusions regarding the nature and severity of Rolon's impairments, the ALJ did not provide good reasons as required by the treating physician rule.")(quotation marks and citations omitted). Moreover, even if the ALJ disagreed with Dr. Patel's opinion that "the claimant is 100% disabled," mere disagreement is an insufficient basis for failure to follow the treating physician rule. See Woodmancy, 577 F. App'x at 75 (The rule requires an ALJ to give controlling weight to a treating physician's opinion unless "'it is contradicted by other medical evidence or overwhelmingly compelling non-medical evidence.'") (quoting Byam, 336 F.3d at 183 (citations and internal quotation marks omitted)).

The ALJ's single, short and conclusory paragraph fails to clearly identify any significant deficits with Dr. Patel's opinion or to address the required factors set forth by 20 C.F.R. § 404.1527(c)(1)-(6). Failing to properly apply the rule, "or consider the required

4

factors constitutes legal error and is a sufficient basis for remand." *Rolon*, 994 F. Supp.2d at 506; *see also Chase v. Astrue*, 2012 WL 2501028, at *12 (E.D.N.Y. June 28, 2012).

Further, after determining to give little weight to the opinions of Dr. Patel and Brett Bunker, PA, the ALJ wrote: "It was not necessary to contact either [*sic*] or Bunker to clarify their opinions as their treating records lack the documentation that they could point to to support their opinions." Tr. 33. The Court presumes that the ALJ intended to reference Dr. Patel in this statement. An ALJ is duty-bound to "seek any clarification of the perceived inconsistences in [a treating physician's] findings about the claimant's [ ] limitations," and failure to do so amounts to legal error requiring remand. *Rolon*, 994 F. Supp.2d at 504. "The Social Security Act requires the Commissioner to 'make every reasonable effort to obtain from the individual's treating physician . . . all medical evidence . . . necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis.'" *Id.* (quoting 42 U.S.C. § 423(d)(5)(B)); *see also id.*[1] Indeed, "[a]pplicable SSA regulations further require an ALJ to 'seek additional evidence or clarification from [the] medical source when [a] report from [a] medical source contains a conflict or ambiguity that must be resolved' to determine whether the claimant is disabled." *Id.* (quoting 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

An ALJ's duty only applies to material conflicts,[2] but "'when an ALJ believes that a treating physician's opinion [about a material issue]. . . is internally inconsistent, [s]he

---

[1] "'[T]he social security ALJ, unlike a judge in a trial, must on behalf of all claimants,' including those represented by counsel, 'affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'" *Rolon*, 996 F. Supp at 504 (quoting *Moran v. Astrue*, F.3d 109, 112 (2d Cir. 2009) (citations omitted)).

[2] Minor conflict or irrelevant ambiguities "do not require an ALJ to act upon the duty to further develop the record." *Rolon*, 994 F. Supp.2d. at 505.

many not discredit the opinion on this basis, but must affirmatively seek out clarifying information from the doctor.'" *Id.* at 504–05 (quoting *Cabassa v. Astrue*, 2012 WL 2202951, at *10 (E.D.N.Y. June 13, 2010)).  Here, there was apparently an inconsistency between Dr. Patel's conclusion as to Plaintiff's ability to work and his treatment records. "Failure to seek any clarification of the perceived inconsistencies in [the treating physician's] findings about the claimant[ ] . . . [is] legal error.  *Rolon*, 994 F. Supp.2d at 504 (emphasis added); *see Burgess v. Astrue*, 537 F.3d 117, 129  (2d Cir. 2008)("In light of the ALJ's duty to affirmatively develop the administrative record, 'an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record.'")(quoting *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)).

Further, "even if the clinical findings were inadequate, it was the ALJ's duty to seek out additional information . . . *sua sponte*." *Rosa*, 169 F.3d at 79 (citations omitted)). Merely noting that the medical record is "complete," *see* Tr. p. 25,[3] is an insufficient reason for failing to clarify any inconsistences, conflicts, or ambiguities with a treating physician's diagnosis or opinion.  *Rolon*, 994 F. Supp.2d at 504–05.

While the regulations afford an ALJ broad discretion in determining and resolving inconsistencies, the ALJ erred in her weight assessment of Plaintiff's treating physician. The ALJ ought to have contacted the doctor for clarification on his conclusion.  *See* 20

---

[3] At the start of the opinion, the ALJ notes that Plaintiff's representative, and experienced non-attorney Social Security representative, indicated that the administrative record was complete. Tr. at 25. The ALJ then writes: "Absent any request for help or indication from the representative that additional relevant evidence/opinion is available, the undersigned relies upon the representative's statement that the record is complete and concludes that all necessary and relevant information has been submitted and that no other treating source is willing to provide any additional evidence." *Id.*  The ALJ then writes: "Under normal circumstances, the ALJ may reasonably rely on 'counsel to identify the issue or issues requiring further development.'" *Id.* (quoting *Branhum v. Barnhart*, 385 F.3d 1268, 1271 (10 Cir. 2004)).  However, as indicated, Plaintiff was not represented by an attorney at the hearing but by a non-attorney representative. *Id.*

6

C.F.R. §§ 404.1520b(c)(1), 416.920b(c)(1) (2013) (the first option provided in the regulations for dealing with inconsistences is to "recontact [the] treating physician"). Therefore, the matter must be remanded. On remand, the ALJ must attempt to contact Dr. Patel to obtain clarification regarding his opinion. *See Rolon*, 994 F. Supp.2d at 505.

### b. Step 2, Carpal Tunnel Syndrome

While the Court has already determined that this case requires remand, another issue must be addressed. Plaintiff contends the ALJ erred at Step 2 by failing to address his carpal tunnel syndrome. *See* Pl. Brief at 10–12 (Dkt. No. 10). Plaintiff is correct that the ALJ did not address carpal tunnel syndrome in her opinion despite medical evidence, including a nerve conduction test, suggesting that Plaintiff is at least mildly afflicted by this syndrome. *See* Pl. Brief at 10–12; see also T. 342–25 (test results for nerve conduction test). The Commissioner argues that because Plaintiff's carpal tunnel syndrome is not a severe impairment, the ALJ did not need to consider it. *See* Df. Brief at 11–12 (Dkt. No. 16). However, and even if the condition constitutes only a mild impairment, the ALJ was still required to address it. *See Dillingham v. Astrue*, 2010 WL 3909630, at *2–5 (N.D.N.Y. Aug. 24, 2010) (Bianchini, M.J.) (Report Recommendation) adopted by 2010 WL 3893906 (N.D.N.Y. Sept. 30, 2010) (Sharpe, J.) (holding that an ALJ's Step 2 determination as to the severity of certain conditions can amount to harmless error, but not when an ALJ fails to address a condition in its entirety). On remand, the ALJ should rule upon whether Plaintiff's carpal tunnel syndrome constitutes an impairment within the meaning of the Social Security Act.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED, and the Commissioner's motion for judgment on the pleadings is DENIED. The decision of the Commissioner is REVERSED and this case is REMANDED, pursuant to sentence four of 42 U.S.C. § 405(g), for a determination consistent with this Decision and Order.

**IT IS SO ORDERED.**

Dated:   December 30, 2014

Thomas J. McAvoy
Senior, U.S. District Judge